**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUPERHYPE TAPES, LTD., | |
| PLAINTIFF, | CASE NO.: 1:20-CV-01589 |
| V. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | JUDGE ELAINE E. BUCKLO |
| DEFENDANTS. | MAGISTRATE JUDGE SUNIL R. HARJANI |

**SEALED TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff, Superhype Tapes, Ltd.'s ("Superhype" or "Plaintiff") *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a temporary injunction, temporary asset restraint, expedited discovery, and electronic service of process, against the defendants identified on Schedule "A" to the Complaint (collectively, the "Defendants") and using at least the online marketplace accounts identified on Schedule "A" (the "Online Marketplace Accounts"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion in its entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois, by offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase

1

products bearing counterfeit versions of the Superhype Trademarks, which are covered by U.S. Trademark Registration Nos. 4,340,692, 2,212,548, and 5,663,514 (referred to as the "Led Zeppelin Trademarks"); and the Superhype Copyrights, which are covered by U.S. Copyright Registration Nos. RE0000767432, RE0000767430, RE0000767435, RE0000767431, RE0000864464, RE0000767434, CSN0016803, CSN0016803, TX0008510562, TX0008510571, VAu001334047, PA0001941359, V3579D644, V3579D669, V3578D670, PAu002432643, VA0000591297, TX0000303053, TX0003080509, PA0000872283, SR0000174356, PA0000922942, RE0000767433, VAu001200331, VA0002042824, V3608D159, VA0000111211, V3612D614, V3578D670, V3579D669, V3608D159, V3608D159, V3608D159, V3608D159, V3608D159, PA0001995940, TXu000769890, TX0001281713, TX0007349298, V9935D314, V3620D258, VAu000083702, VA0000473995, V9926D277, V3510D110, PA0000718030, VAu001332137, V1744P359, RE0000840976, V1740P027, RE0000840977, RE0000840975, RE0000840986, RE0000840979, RE0000840980, RE0000840983, RE0000840981, RE0000840982, RE0000840984, RE0000840978, RE0000840985, TX0006937190, 0PA0001817015, V3446D287, V9957D007, V3527D039, PA0001383869, TX0008787718, CSN0098988, CSN0098988, VA0001734853, SR0000392357, SRu000625956, SRu000625959, V3609D139, TX0006273641, SRu000447667, TX0007164062, TX0007150962, VAu001308954, VA0000971257, VA0001292295, TX0003354252, RE0000840965, RE0000840961, RE0000840963, RE0000840962, RE0000840964, RE0000840966, RE0000767443, RE0000767440, V3578D670, V3579D644, V3579D669, RE0000767441, RE0000767439, PA0000872284, RE0000767442, RE0000767438, RE0000767437, RE0000767436, V9926D277, V3510D110, PA0001927748, V3579D644, V3578D670, V9926D277, V3510D110,

PA0001926616, TX0001011575, VA0000047617, TX0004757756, V9932D170, V3579D644, V9926D277, V3579D669, V3578D670, V3510D110, VA0000473967, V3612D588, V3473D415, TX0004010168, VAu001170110, VAu001170113, VAu001332953, TX0007990030, V3607D880, TX0001997258, TX0001788857, PA0000718016, SR0000626433, VAu000690000, VAu001170117, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, VAu001170114, VAu001170115, TX0007600661, V3532D501, VA0002080775, TX0000514805, VAu001170118, VAu001170112, PA0000930775, and TX0007324857 (referred to as the "Led Zeppelin Copyrights").

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Paul Varley, paragraphs 15-24, and the Declaration of Ann Marie Sullivan, paragraphs 5-9, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to off-shore accounts. *Id.* As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party.

Accordingly, this Court orders that:

1.     Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them, be temporarily enjoined and restrained from:

a.     using Led Zeppelin Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Led Zeppelin product or not authorized by Plaintiff to be sold in connection with its Led Zeppelin Trademarks;

b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine Led Zeppelin product or any other product produced by Plaintiff, that is not Plaintiff's, and is not produced under the authorization, control, or supervision of Plaintiff, and/or approved by Plaintiff for sale under Plaintiff's Led Zeppelin Trademarks;

c.     committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Superhype;

d.     further infringing Plaintiff's Led Zeppelin Trademarks and Led Zeppelin Copyrights, and damaging Plaintiff's goodwill;

e.     otherwise competing unfairly with Plaintiff in any manner;

f.     shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Led Zeppelin Trademarks and/or Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Led Zeppelin Products; and,

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's Led Zeppelin Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine Led Zeppelin product or not authorized by Plaintiff to be sold in connection with Plaintiff's Led Zeppelin Trademarks.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate, (c) their financial accounts, including all PayPal accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through h, above.

3. The domain name registries for the Defendant Domain Names, including, but not Limited to: VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook,

YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

a.  Disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the Led Zeppelin Trademarks, including any accounts associated with the Defendants listed on Schedule "A";

b.  Disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Led Zeppelin Trademarks; and

c.  Take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule "A" from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5.  Defendants, and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a.   The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b.   The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

c.   Defendants' websites and/or any Online Marketplace Accounts;

d.   The Defendant Domain Names or any domain name registered by Defendants; and

e.   Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.   Defendants and any persons and/or entities in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.      Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule "A" until further ordered by this Court;

8.      PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

a.      Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to and related to the information listed in Schedule "A" and the email addresses associated with the Defendants that are identified by either Defendants or third parties;

b.      Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9.      ALIPAY US, INC. ("ALIPAY"), Amazon Payments, Inc. ("Amazon"), ContextLogic, Inc. ("WISH"), and eBay, Inc. ("eBay") (collectively, "Online Marketplaces"), and their respective related companies and affiliates, shall within two (2) business days of receipt of this Order:

a.      Identify and restrain  all funds, as opposed to ongoing account activity, in, or which hereafter are transmitted, into the Online Marketplace accounts related to Defendants as identified on Schedule "A", as well as all funds in, or which are transmitted, into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A";

b.     Provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and the identification of the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained; and,

c.     Prevent the transfer or surrender of any and all funds restrained by this Order for any purpose (other than pursuant to a chargeback made pursuant to the Online Marketplace's security interest in the funds) without the express authorization of this Court.

10.     Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

a.     Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule "A" and the email addresses associated with the Defendants that are identified by either Defendants or third parties; and,

b.     Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

11.     Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and/or by sending an e-mail to any e-mail addresses provided for Defendants by Defendants or any third parties that includes a link to said website. The Clerk of Court

is directed to issue a single original summons in the name of "Aanstore and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

12.     Plaintiff's Schedule "A" to the Complaint, Exhibit 3 to the Declaration of Paul Varley, and this Order shall remain sealed until Defendants' financial accounts are restrained. Plaintiff shall file unsealed versions of Schedule "A" to the Complaint, Exhibit 3 to the Declaration of Paul Varley, and this Order using the CM/ECF system prior to the expiration of this Order.

13.     Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, cashier's check (payable to Clerk, US District Court), or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

14.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

15.     This Temporary Restraining Order without notice is entered at <u>5:00</u> P.M. on May <u>6th</u>, 2020, and shall remain in effect for fourteen (14) days.

:

_____

Honorable Elaine E. Bucklo

U.S. District Court Judge